## THOMAS B. GARRISON

### v.

## MARIA BARNES.

*Dogs—Injury from Bite of—Damages—Husband and Wife—Evidence.*

In an action brought to recover damages for injuries arising out of the bite of a dog, this court holds as proper, a refusal to admit in evidence testimony of the wife of one of the defendants, in behalf of the other, that the fact that she occasionally tied up and watched the dog did not make her the agent of her husband, and declines to interfere with the verdict for the plaintiff.

[Opinion filed December 7, 1891.]

APPEAL from the Circuit Court of Peoria County; the Hon. T. M. SHAW, Judge, presiding.

Mr. GEORGE B. FOSTER, for appellant.

Messrs. WORTHINGTON, PAGE & BRADY, for appellee.

The owner of a dog, knowing him to be cross, or to have bitten, or to be likely to bite, unoffending persons, is liable in damages for injuries caused by him. Pickering v. Orange, 1 Scam. 338; Stumps v. Kelly, 22 Ill. 140; Keightlinger v. Egan, 65 Ill. 235; Flansburg v. Basin, 3 Ill. App. 531.

It is not necessary to a recovery that the evidence shall show that the owner of the dog knew that the dog actually had bitten some other person, in order to make him liable.

It is sufficient if the evidence shows that the keeper of the dog knew that the dog had shown a disposition to bite or attack others. Kolb v. Klages, 27 Ill. App. 531; Flansburg v. Basin, 3 Ill. App. 531; Loomis v. Terry, 17 Wendell, 406; Meibus v. Dodge, 38 Wis. 300; Rider v. White, 65 N. Y. 54; 1 Addison on Torts, Sec. 290; Wood on Nuisances, Sec. 761.

Knowledge of one instance of biting enough to charge owner. Kittridge v. Elliott, 16 N. H. 77; Arnold v. Norton, 25 Conn. 92; Cockerham v. Nixon, 11 Iredell (N. C.) 269; Graham v. Payne, 122 Ind. 403; Moynahan v. Wheeler, 117 N. Y. 285.

The owner or keeper of lions, tigers, etc., is conclusively presumed to have notice that the animals are vicious and dangerous, and keeps them at his peril. Moss v. Pardridge, 9 Ill. App. 490; Jenkins v. Turner, 1 Lord Raymond, 110; Buller's Nisi Prius, 77.

The owner or keeper of a dog known to him to be vicious keeps him at his peril, just as the owner of a lion or tiger would keep such beasts. The only difference is, that in the latter case it is not necessary to prove the disposition of the brutes, while in the former it is necessary. Lyons v. Merrick, 105 Mass. 71; Lord Hale, Pleas of the Crown, Vol. 1, p. 430; Kertschak v. Ludwig, 28 Wis. 430; 1 Am. & Eng. Ency. of Law, 581, and cases cited.

When the owner has knowledge of the propensity of an animal to bite or injure persons, it is not a question of negligence in taking care of him. He keeps him at his peril. Wood on Nuisances, Sec. 759; McCaskell v. Elliott, 5 Strobhart (S. C.) 196; Smith v. Pelah, 2 Strange, 1264; May v. Burditt, 9 Ad. & El. (Q. B.) 101; Wilkison v. Panote, 32 Cal. 102; Partlow v. Haggarty, 35 Ind. 178; Brown v. Carpenter, 26 Vt. 638; Kelly v. Tilton, 2 Abb. Ct. App. N. Y. 495; Dearsh v. Baker, 22 Wis. 73; Decker v. Gamman, 44 Maine, 322; Smith v. Causey, 22 Ala. 568.

" The conclusion to be drawn from all authorities is that a person who keeps a mischievous animal, with knowledge of

its propensities, is bound to keep it secure. at his peril, and that if it does mischief negligence is presumed without express averment. The negligence is in keeping such animal after notice." Jenkins v. Turner, 1 Lord Raymond, 109; 1 Viner's Abr., 233, Action.

" It is held that the owner of a vicious animal, after notice of its having done an injury, is bound to secure it at all events, and is liable to parties subsequently . injured if the mode he has adopted to secure it proves insufficient." Wood on Nuisances, Sec. 763, and cases cited.

The principles upon which these decisions rest is that ferocious animals, liable to do injury to men or property, are nuisances, and their keeping after notice of such knowledge is so wrongful that the owner is held chargeable for any neglect to keep the animal so that it can do no damage to a person who, without essential fault, is injured thereby. Mann v. Reed, 4 Allen (Mass.), 431.

The keeping of a fierce dog near a public footway is a nuisance, rendering the keeper liable to an action in favor of anybody injured thereby. Wood on Nuisances, Sec. 768; Granger v. Finlay, 7 Irish, C. L. Rep. 417.

Any one permitting a vicious dog to stray about his premises is liable as an owner or keeper. Frammell v. Little, 16 Ind. 251; Cummings v. Riley, 52 N. H. 368; Marsh v. Jones, 21 Vt. 378; Wilkison v. Panote, 32 Cal. 102; Ruchmerty v. Ham, 1 Denio, 495.

A dog kept by the superintendent of the stables of a horse railroad, with the knowledge of the general superintendent of the company, is so far considered to be the property of the company as to make it liable. Barrett v. Malden, etc., 3 Allen (Mass.), 101.

Where a master has turned loose a vicious dog, he must pay for the harm he has done. McGuire v. Lingree, 41 La. Ann. 1029.

CARTWRIGHT, J. Appellee sued appellant and William Lewis in case, for injuries sustained from an attack upon her by a

dog. There was verdict and judgment thereon against both defendants for $625, and Garrison alone appeals.

Appellant owned a farm occupied by Lewis as his tenant, but appellant generally had some stock on the farm, and at the time of this occurrence had one or two horses there. The dog had been owned by George Fash in Peoria, and was of a vicious disposition. He had attacked and bitten women at different times, and showed dangerous propensities in that direction. Appellant met Fash in Flynn's saloon in Peoria, and was told by Fash that the dog had attacked and bitten a woman that day, and that he wanted to give the dog away. Appellant agreed to take the dog and Fash thereupon gave him the dog, which he took home with him and kept for about ten days at that place. Appellant then took the dog to the farm and left him there in the absence of the tenant. The next day appellant saw the tenant and told him what Fash had said about the dog, and advised him to keep the dog fastened up for a time. The dog remained on the farm, and was fastened sometimes and loose sometimes, and in a little over a week attacked appellant's sister, the appellee, without provocation or warning, as she was walking along the center of the public highway past the farm, throwing her down and biting her ankle, leg and hip and injuring her very seriously.

Appellant contends that the court erred in refusing to allow Lewis' wife to testify as a witness for him in the case, and that the evidence did not show a cause of action against him. Mrs. Lewis was offered as a witness to testify generally in the case on behalf of appellant, and there is no offer in the record of any defense special to him which could be proved or was proposed to be proved by her. It is said that she was competent generally in the case because she was agent of her husband in watching the dog and caring for him, and that she was especially competent for appellant. She was not her husband's agent merely because she sometimes tied up the dog or watched him. Her husband was a party to the record, and under the circumstances it was not error to reject her as a witness.

Appellant's contention that, under the evidence, he was not liable, is based upon the claim that it failed to prove that he

was owner or keeper of the dog or had any control or right of control over him. Both appellant and Lewis testified that appellant surrendered all control of the dog by bringing him to the farm and turning him over to Lewis.

Appellant testified that Lewis wanted a dog because he had a horse poisoned and stock molested and considered some of his neighbors vicious, and wanted appellant to get a dog for him, which appellant accordingly did. Both these witnesses were contradicted by evidence of statements inconsistent with their testimony.

There was evidence that when Lewis came home and found that appellant had left the dog there, he said that he did not want or need a dog, but that it was appellant's place and he had left the dog there and he supposed he would have to keep it, and that Lewis afterward said that the dog was not his and did not belong to him, but belonged to appellant, and that at another time he asked appellee to make out her bill and he would take it to appellant and they would settle it.

There was also evidence that appellant stated that he had brought the dog out to Lewis to watch their barn and stock; that they needed such a dog; and that if he had been out on the farm he would not have had the dog killed. Appellant owned the farm with the buildings which would be liable to injury from vicious neighbors, if there were such; and he had one or more horses there which would be exposed to poison, if danger of that kind necessitated a dog on the place. The tenant was not consulted in the selection of the dog, but the dog was taken to the farm and left there in his absence.

We deem the evidence sufficient to authorize the jury to find that appellant placed the dog on the farm, in part, at least, for his own purpose, and that he had an interest in the dog, with some right of direction and control. The dog was a ferocious brute, and appellant had notice of his dangerous propensity, by a statement of the circumstances of an attack upon a woman without provocation. With this knowledge he procured and took to the farm the dog, and left him, with advice to keep him tied up for a time until he got acquainted.

It was to be reasonably anticipated that whenever he should

be unrestrained his vicious disposition would lead. him to commit injury of the kind that appellee suffered. The dog was kept tied up at first, as appellant advised, and was restrained part of the time up to the occurrence of the attack on appellee, and when unrestrained, on that occasion, committed the injury, as might be naturally expected.

The judgment will be affirmed.

*Judgment affirmed.*